UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENJAMIN J. REX, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 25-01425 (UNA) |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a complaint against the Federal Bureau of Investigation (FBI) and an application to proceed *in forma pauperis* (IFP). For the following reasons, the Court grants the IFP application and dismisses the complaint.

Plaintiff, a resident of New Mexico, alleges that on February 1, 2025, in Washington, D.C., the FBI prevented him from updating his "license plates by means of stopping the motor on [his] vehicle with the use of psycho technology as a part of an investigation," and "from obtaining a physical address necessary to update the license plates[.]" Compl., ECF No. 1 at 4. As a result, Plaintiff received "a ticket from the local Washington D.C. police department on the date listed at the location listed." *Id*. Plaintiff claims that the FBI "(1) performed acts that a person of ordinary prudence in the same or similar circumstances would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done" under similar circumstances. *Id*. Plaintiff seeks $65,000 in compensatory damages. *Id*.

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994)

(citations omitted). It is "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*; *see* Fed. R. Civ. P. 8(a) (requiring a party seeking relief in the district court to plead facts that bring the suit within the court's jurisdiction). As a United States agency component, the FBI is immune from suit save "clear congressional consent[.]" *United States v. Mitchell*, 445 U.S. 535, 538 (1980). A waiver of immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (cleaned up).

The Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1), waives the United States' immunity for certain claims seeking money damages. *See id*. §§2674, 2679-80. Before filing suit, however, an FTCA claimant must exhaust administrative remedies by presenting the claim to the appropriate federal agency and obtaining a final written denial of the claim. 28 U.S.C. § 2675(a). If an agency fails to render a decision within six months after the claim is submitted, the claimant may proceed to court "any time thereafter" on what is "deemed" to be "a final denial." *Id*. Nothing suggests that Plaintiff has pursued, much less exhausted, administrative remedies under the FTCA, and in this circuit, the FTCA's presentment requirement is "jurisdictional." *Simpkins v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)); *Norton v. United States*, 530 F. Supp. 3d 1, 6-7 (D.D.C. 2021) (collecting cases). Consequently, this case will be dismissed by separate order.

Date: September 4, 2025

_____/s/_____
JIA M. COBB
United States District Judge